804 F.2d 678
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
William D. THOMAS, Plaintiff-Appellant,
v.
DEPT. OF PERSONNEL; Department of Health and Mental Hygiene
Post Mortem Examiners; Secretary of Health and Mental
Hygiene; Secretary of Personnel; Acting Chief Medical
Examiner, Defendants-Appellees.
 No. 86-3080.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 20, 1986.
Decided Nov. 6, 1986.
 
 William D. Thomas, appellant pro se.
 Judith Konowitz Sykes, James F. Truitt, Office of the Attorney General of Maryland, for appellees.
 D.Md.
 AFFIRMED.
 Before RUSSELL, ERVIN and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 William D. Thomas, a Maryland resident, appeals from the district court's dismissal of his civil rights action. We affirm.
 
 
 2
 Thomas brought this action in 1985 under 42 U.S.C. Secs. 1983 and 1985 and Maryland state law to enforce a settlement agreement. He and the defendants-appellees had entered into a settlement agreement on June 21, 1985, that evidently resolved two civil actions which Thomas had brought against the same defendants. Although the record is not entirely clear, the dispute resolved by the settlement agreement was apparently employment-related. The district court, advised of the settlement, on June 21, 1985, dismissed pursuant to Local Rule 39 of the Rules of the District Court for the District of Maryland the two original consolidated actions, Civil Action No. HAR 83-3599 and Civil Action No. 84-1419.
 
 
 3
 Thomas brought the present action to redress what he perceived to be breaches of specific paragraphs of the settlement agreement. The district court in a scheduling order set May 16, 1986, as the day for a hearing on the action. The court and the clerk's office notified Thomas of the hearing but he failed to appear.
 
 
 4
 At the hearing, the district court concluded that it lacked jurisdiction over Thomas' action. The court reasoned that it did not have jurisdiction over a suit to enforce a settlement agreement, citing Vigue v. Hall, No. 85-6710 (4th Cir., April 22, 1986) (unpublished). Vigue in turn relied upon Fairfax Countywide Citizens Association v. Fairfax County, 571 F.2d 1299 (4th Cir.), cert. denied, 439 U.S. 1047 (1978). There, this Court concluded that a district court is not empowered to enforce a settlement agreement, unless there is an independent jurisdictional ground or an agreement incorporated into an order of the court. See id. at 1302-03. See also McCall-Bey v. Franzen, 777 F.2d 1178, 1182-89 (7th Cir.1985); Londono v. City of Gainesville, 768 F.2d 1223, 1226-27 (11th Cir.1985). But see Aro Corp. v. Allied Witan Co., 531 F.2d 1368, 1371-72 (6th Cir.), cert. denied, 429 U.S. 862 (1976). We agree with the district court's conclusion.*
 
 
 5
 On appeal Thomas asserts that the district court failed to consider Fed.R.Civ.P. 60. Rule 60 does permit a district court, upon repudiation of a settlement agreement, to vacate its prior dismissal order and restore the case to the docket. See Fairfax, supra, at 1303. Rule 60 does not permit the district court to enforce the settlement agreement, which is what Thomas sought. Id. Therefore, his contention is without merit. Thomas' other contentions on appeal are also meritless. Thomas failed to show that he was entitled to default judgment and did not explain his absence from the May 16, 1986, hearing to the district court.
 
 
 6
 Accordingly, because the dispositive issues recently have been decided authoritatively, we dispense with oral argument and affirm the judgment of the district court.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The pendent state-law claims were also properly dismissed